Opinion by Judge BEA; Concurrence by Judge B. FLETCHER.
OPINION
BEA, Circuit Judge:
This case presents the question whether statutory qualified immunity protects the U.S. Forest Service’s (“Forest Service”) failure to notify nearby private property owners that it intended to light a “backfire” [1] to fight a wildfire and its failure to notify property owners that the backfire had exceeded Forest Service boundaries near their private properties. Gregory and Victoria Green, Silver Starr De Varona, and John Elbert Ervin (“Appellants”) appeal the district court’s dismissal for lack of subject matter jurisdiction of their Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 1346(b), action for damages against the United States. Appellants are neighboring land-owners whose property was burned as a consequence of allegedly negligent fire suppression activities conducted by the Forest Service in its efforts against the “Bullock Fire,” a wildfire that was discovered burning in the Coronado National Forest in Arizona on May 21, 2002, and which ultimately burned over 30,000 acres. The district court held the United States was immune from Appellants’ action because of the discretionary function exception to the FTCA. We reverse the district court because, although no statute or agency policy dictates the precise manner in which the Forest Service must act when it lights a backfire, there is no evidence in the record that the Forest Service’s failure to notify the property owners of the backfire it lighted was susceptible to a policy analysis grounded in social, economic, or political concerns. See Terbush v. United States, 516 F.3d 1125 (9th Cir.2008).
Background
On or about May 21, 2002, a wildfire was discovered burning in a remote area of the Coronado National Forest. The fire, later named the “Bullock Fire,” ended up burning over 30,000 acres of land. At the outset of the Bullock Fire, the Forest Service set containment boundaries for the fire in its “Incident Objectives” that were posted for all fire fighting employees to see. In setting the containment area, the Forest Service intended to protect all of the private properties, businesses, and “Special Risk” areas (including radio towers, observatories, and other facilities) located near or within the Coronado National Forest.
Firefighters started a backfire near Appellants’ private properties, and did not take any action to protect Appellants’ *1248 properties then or later. The Appellants’ properties were clearly marked on maps the Forest Service had, and Appellants had advised Forest Service personnel that Appellants’ properties were threatened by the fire. Despite this, Appellants were not informed about the backfire or warned of the risk the backfire posed to their properties. The backfire came to exceed the desired containment area and burned Appellants’ properties. Afterward, Forest Service employees admitted that Appellants’ properties were not defended because the firefighters had not been informed of their existence, and thus, did not know the properties were at risk.[2]
Under Arizona law, had the firefighters been private persons under similar circumstances, they would have been liable pursuant to Arizona Revised Statutes (“A.R.S.”) § 13-1706(A) for damages realized as a direct and proximate result of their setting a fire on one’s own property which then burned Appellants’ properties. Pursuant to A.R.S. § 13-2404, had the firefighters been private persons, they would face liability for refusing to help extinguish the fire or for failing to protect Appellants’ properties.
Appellants Gregory and Victoria Green, Silver Starr De Varona, and John Ervin filed virtually identical complaints against the United States under the FTCA, which alleged the Forest Service’s negligence during its efforts to suppress the Bullock Fire damaged their properties. The cases were consolidated and the United States moved for their dismissal under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a).[3] In response, Appellants moved to amend their complaint, alleging the Forest Service set the fire for “fuel reduction purposes and not for suppression of the Bullock Fire, in blatant violation of policy and regulations.” The district court held there was no evidence in the record to support Appellants’ new contention, denied Appellants’ motion to amend, and granted the United States’ motion to dismiss on the ground the discretionary function exception shielded the United States from suit. This appeal timely followed.
Standard of Review
This court reviews de novo a district court’s determination that it lacks subject matter jurisdiction under the FTCA and a district court’s application of the FTCA’s discretionary function exception. Terbush, 516 F,3d at 1125. The plaintiff has the burden of showing there are genuine issues of material fact as to whether the exception should apply, but *1249 the government bears the ultimate burden of establishing that the exception applies. Miller v. United States, 163 F.3d 591, 594 (9th Cir.1998).[4]
Analysis
The FTCA waives the federal government’s sovereign immunity for tort claims arising out of the negligent conduct of government employees and agencies in circumstances where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred. Terbush, 516 F.3d at 1128-29. However, the discretionary function exception provides an exception to the waiver of immunity from suit under the FTCA for “[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.” 28 U.S.C. § 2680(a). If the exception applies, immunity is reinstated.
The discretionary function exception “marks the boundary between Congress’ willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.” Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). According to the Supreme Court, “[t]he basis for the discretionary function exception was Congress’ desire to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.” Id.
As such, the Supreme Court has created a two-step test that governs the applicability of this exception. Terbush, 516 F.3d at 1129. The first step is to determine whether a federal statute, regulation, or policy mandated a specific course of action, or whether the government actor retained an element of judgment or choice with respect to carrying out the challenged action. Id. If the government action did involve choice or judgment, the second step is to determine “whether that judgment is of the kind that the discretionary function exception was designed to shield, namely, only governmental actions and decisions based on considerations of public policy.” Id. (internal quotations omitted). If the challenged action satisfies both of these two prongs, that action is immune *1250 from suit — and federal courts lack subject matter jurisdiction — even if the court thinks the government abused its discretion or made the wrong choice. Id.
1. Discretion
Appellants do not challenge the Forest Service’s decision to light the backfire. Instead, they challenge “the Forest Service’s actions surrounding that decision” (ie., failure to notify Appellants of the backfire, failure to inform firefighters about and protect their properties). Appellants contend the Forest Service’s actions relating to the backfire fall outside of the discretionary function exception because the Forest Service failed to adhere to requirements found in the Forest Service Manual (“Service Manual”) and the Coronado Forest Fire Management Plan (“Management Plan”).
An agency must exercise judgment or choice where no statute or agency policy dictates the precise manner in which the agency is to complete the challenged task. Childers v. United States, 40 F.3d 973, 976 (9th Cir.1995). Although “standarás and procedures outline certain requirements for fire suppression, they do not eliminate discretion because they do not tell firefighters how to fight the fire.” Miller, 163 F.3d at 595.
Although the record before this court does not contain the Service Manual provisions Appellants cite on appeal,[5] the language of the Service Manual that Appellants quote in their briefing does not support Appellants’ claim that Forest Service regulations prescribe a particular course of action once the decision was made to light the backfire. The quotes are; (1) a line officer is responsible for ensuring “that the public and cooperators are informed of the selected alternatives [in deciding on wildfire suppression efforts]”; and (2) “FIRE SUPPRESSION SAFETY. All activities shall reflect a commitment to firefighter and public safety as a first priority.” These quoted provisions do not prescribe a mandatory course of action, and indeed, this court has previously found very similar Forest Service fire-fighting provisions discretionary. Miller, 163 F.3d 591.[6]
*1251 Appellants also contend the Forest Service breached the following “Prevention Objective” of the Management Plan, dated April 2002 (one month before the Bullock Fire): “Each District will also develop and maintain annually a Wild-land/Urban Interface map. This map will identify all private land within and around District boundaries ... and will list owners of the property, telephone numbers, structures and improvements, etc.” Appellants’ claim fails because the development of the map is an “objective,” which contains no certain date by which the objective must be completed and does not “dictate[ ] the precise manner in which the agency is to complete the challenged task.” Childers, 40 F.3d at 976.[7]
2. Policy Considerations
Even though the Forest Service retained discretion in fighting the Bullock Fire, we must consider whether that discretion involved the type of public policy judgment that the discretionary function exception is designed to shield. Miller, 163 F.3d at 593. The discretionary function exception protects only government actions and decisions based on social, economic, and political policy. Id. “The challenged decision need not be actually grounded in policy considerations, but must be, by its nature, susceptible to a policy analysis.” Id.
In Miller, the Forest Service failed to contain the “Bald Butte” fire due to the unavailability of requested air and ground support when the fire was first spotted. Miller, 163 F.3d at 592. Shortly after the fire was spotted, the fire was declared “escaped” and the fire management officer for the local ranger district determined it was unsafe at that time to commit resources to the fire. Id. On-the-ground fire suppression efforts did not occur until the day after the fire was spotted. Id. The fire joined two other fires and crossed onto the Millers’ property. Id.
We held in Miller that the Forest Service’s choices in how to fight a fire are “susceptible to a policy analysis grounded in social, economic, or political concerns.” Id. at 595. Looking to the Forest Service Manual, we held the Service Manual’s stated objectives and policies demonstrated:
[T]he Forest Service’s decision regarding how to attack a fire involved a balancing of considerations, including cost, public safety, firefighter safety, and resource damage. These considerations reflect the type of economic, social and political concerns that the discretionary function exception is designed to protect.
Id. (emphasis added). We referred to two lower court decisions that held decisions regarding the allocation of fire suppression resources are grounded in public policy because the Forest Service is “required to balance the value of communications installations, private homes, endangered species, and other resources.” Id. (quoting Parsons v. United States, 811 F.Supp. 1411, 1420 (E.D.Cal.1992)[8] and Defrees v. *1252 United States, 738 F.Supp. 380, 385 (D.Or. 1990)[9]). In the instant case, however, the Forest Service’s decisions regarding “how to attack a fire” and the allocation of fire suppression resources are not at issue.
Instead, Appellants contend the Forest Service’s failure to notify Appellants before and after the Forest Service lit the backfire is not subject to the discretionary function exception. We agree with Appellants because, unlike Miller, there is no evidence in the record to support the Forest Service’s contention that the nature of its actions in this case' — i.e., its decisions when and whether to communicate directly with private citizens whose properties might have been in harm’s way — are susceptible to policy analysis. There is no evidence, for example, that the Forest Service must determine how to allocate personnel during firefighting operations between contacting citizens and direct firefighting activity, or that the Forest Service must determine during firefighting operations how to allocate its communications resources between community-wide distribution (such as newspapers and radio stations) and direct contact with private citizens (such as phone calls or door-to-door contacts). If the Appellants had been notified of the proposed backfire, they might have been able to take measures to protect their properties, or at least ensured the Forest Service took measures to do so. For purposes of this appeal from a motion to dismiss, we find Appellants’ pleadings adequately state such a possibility. Accordingly, and in light of the specific record in this case, we disagree with the district court’s application of the discretionary function exception.
Conclusion
For the foregoing reasons, we reverse the district court’s dismissal of Appellants’ claim for lack of subject matter jurisdiction and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. A "backfire” is a fire set along the inner edge of a fireline to consume the fuel in the path of a wildfire or change the direction of force of the fire's convection column. See http://www.nwcg.gov/pms/pubs/glossary/ information.htm.

. In their pleadings, Appellants specifically allege that the Forest Service "fail[ed] to communicate the risk [of the backfire] to the other firefighters and the [Appellants] (as property owners).” First Amended Complaint at ¶ 10. Appellants also allege the firefighters admitted that they failed to defend Appellants’ properties or advise the residents about the backfire because the firefighters were not informed of the properties' existence by the Forest Service. Id. at ¶ 11. Appellants further alleged that if the firefighters had been told by the Forest Service of the properties’ existence, "they would have taken steps to protect [Appellants'] ranches, and warned the [Appellants] of the risk posed to their ranches.” Id. at ¶ 16. "The negligence of [the Forest Service] resulted in the total destruction of the structures, fencing, and personal property, as well as the devastation of its trees and substantial erosion of the soils and creek bank of [Appellants’] ranch." Id. at ¶ 2.

. On a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion. Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir.2007).

. In Miller, this court held the implementation of a government safety program with respect to fighting forest fires involved balancing competing policy interests, and thus, the discretionary function exception applied. 163 F.3d at 597. Miller sued the United States under the FTCA for the Forest Service’s alleged negligent handling of a forest fire that spread from the Ochoco National Forest onto Miller's property, causing damage. Id. at 592. The district court granted the United States’s motion for summary judgment on the ground the discretionaiy function exception applied. Id. We affirmed. Id. As to the first prong of the discretionaiy function exception, we noted there were "no specific directives that mandate specific action in a multiple fire situation.” Id. at 595. Although there were general firefighting guidelines, those guidelines did not tell the firefighters specifically how to fight the fire. Id. Hence, the government had discretion to choose the methods as to how to fight the fire. As to the second prong, we held the Forest Service’s discretion in choosing how to fight the fire was susceptible to public policy analysis. Id. at 595-96. The Forest Service manual stated its policy was to "[c]onduct fire suppression in a timely, effective, and efficient manner with a high regard for public and firefighter safety.” Id. at 595. Accordingly, we held ”[t]hese stated objectives and policies demonstrate that the Forest Service's decision regarding how to attack a fire involved balancing considerations including cost, public safety, firefighter safety, and resource damage. These considerations reflect the type of economic, social, and political concerns that the discretionaiy function exception is designed to protect.” Id.

. Appellants' Complaint and Reply to Defendant’s Motion to Dismiss quoted a number of Service Manual provisions, but Appellants did not attach as an exhibit the Service Manual in effect at the time of the Bullock Fire (May 2002). The district court discovered that a number of the Service Manual provisions that Appellants quoted were not in effect in May 2002; indeed, some provisions did not take effect until as late as 2005. Appellants also failed to provide this court a copy of the Service Manual in effect in May 2002.

. The Forest Plan cited in Miller outlines various "standards” that are mandatory requirements under the plan. The Millers specifically pointed to language in the plan that required employees to "(1) monitor current and recent fire reports to target specific risks; (2) apply aggressive suppression action to wildfires that threaten assets, including private property, by initial attack; (3) provide equipment outside of the fire management organization to assist in the initial attack; and (4) meet the goal of controlling the fire by directly addressing the fire on the ground and preparing an escaped fire analysis where appropriate.” Miller, 163 F.3d at 594. Further, the Millers cited the Forest Service Mobilization Guide, which "provides that an employee must (1) report a discovered wildfire and take appropriate action until relieved; (2) not pass up an unmanned fire, even if the employee is not rated as meeting primary firefighter fitness standards; if the employee is the first qualified firefighter to arrive at the fire, (3) assume Incident Commander status until formally relieved; (4) not hesitate to use cooperator crews within the operation area; and if dispatcher, (5) assure sufficient initial attack forces are available within established time standards.” Id. We held the Forest Plan standards and Mobilization Guide, which provide more guidance than the standards at issue here, did not eliminate discretion. Id.

. Moreover, the lack of a Wildland/Urban Interface map is irrelevant to Appellants’ claims because the Appellants’ alleged they made the Forest Service aware of their properties. De Varona’s complaint states De Varona "placed numerous telephone calls to [Forest Service] employees advising of the location of the two privately owned ranches in the days just prior to the lighting of the [backfire], and as it was burning.”

. In Parsons, owners of timber that was destroyed during a wildland fire in a national forest sought damages under the FTCA, alleging the negligence of various Forest Service employees during attempts to fight the fire proximately caused destruction of their property. Parsons alleged the following negligent acts, among others: failure to secure adequate resources to contain the fire; failure to implement a strategy properly to fight the fire; and inadequate communications system during the fire. The district court granted the government's motion for summary judgment on the ground the discretionary function exception applied to the fire fighters’ alleged *1252 negligent acts. Specifically, the district court held (1) Parsons failed to cite an applicable mandatory directive, and the challenged actions were discretionary; and (2) the Forest Service firefighters were required to balance social and economic values to minimize damage from numerous fires.

. In Defrees, plaintiffs sued the Forest Service for the alleged negligence of firefighters in combating a wildland fire that destroyed plaintiffs' property. The Forest Service had deployed only a three-person crew to attack the fire at issue which, given high winds, proved inadequate. Other fires had been assigned a higher priority than the fire at issue. The court concluded that the discretionary function exception barred liability because:
In establishing priorities, assigning government personnel and equipment, and deciding what private resources, if any should be used, these employees were required to make social and economic policy decisions. They were required to balance the value of communications installations, private homes, endangered species, and other resources.
Defrees, 738 F.Supp. at 385.