# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN ALAN LEVIN,
        *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA; FRANK
M. BISHOP, LCDR, MC, USNR
3855,
        *Defendants-Appellees,*

and

ROBERT WRESCH,
        *Movant-Appellee.*

No. 09-16362

D.C. No.
1:05-cv-00008

OPINION

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted October 11, 2011*
Honolulu, Hawaii

Filed November 23, 2011

Before: Diarmuid F. O'Scannlain, Richard C. Tallman, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Tallman

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

20421

---

**COUNSEL**

Steven Alan Levin, Agat, Guam, *pro se* plaintiff-appellant.

Daniel Tenny, United States Department of Justice, Civil Division, Washington, D.C., for the defendant-appellee.

---

**OPINION**

TALLMAN, Circuit Judge:

After his unsuccessful cataract surgery, Plaintiff-Appellant Steven Levin brought a claim for battery against the United States government and his United States Navy surgeon. The United States invoked the Gonzalez Act, 10 U.S.C. § 1089, immunizing individual military medical personnel from malpractice liability. We consider for the first time in our circuit whether § 1089(e) of the Gonzalez Act waives the government's sovereign immunity for common law battery claims. We hold that it does not, and we affirm the district court's dismissal of Levin's complaint for lack of subject-matter jurisdiction.

## I

At some point prior to 2003, Levin was referred to the Ophthalmology Department of the U.S. Naval Hospital on Guam for evaluation of a cataract in his right eye. Lieutenant Commander Frank M. Bishop, M.D., performed the evaluation. He suggested a surgical procedure called "phakoemulsification with intraocular lens placement."

After discussing the procedure with Dr. Bishop, Levin gave his informed consent. He signed two consent forms, one entitled "Request for Administration of Anesthesia and for Performance of Operations and Other Procedures," and another entitled "Consent for Anesthesia Service." Dr. Bishop performed the eye surgery in March 2003.

Although Levin had previously given his informed consent to the procedure in writing, he claims he twice attempted orally to withdraw that consent just before the surgery. Levin suffered complications following the procedure, the full extent of which are unclear. Both sides agree that Levin requires continuing treatment and faces uncertain prospects for success.

Levin filed this suit in the United States District Court for the District of Guam, alleging negligent medical malpractice and battery. Levin cited the Federal Tort Claims Act (FTCA) as one of the bases for federal jurisdiction. His complaint named two defendants: Dr. Bishop and the United States. The United States immediately substituted itself for Dr. Bishop, as the Gonzalez Act authorizes.

The parties commenced discovery. Despite many deadline extensions, Levin was unable to come forward with any expert testimony supporting his malpractice claim. At the close of discovery, the United States filed a motion for summary judgment on both the malpractice and battery claims. The district court recognized that, in the absence of expert tes-

timony, there was no triable issue of fact on Levin's malpractice claim. The court thus granted summary judgment on the claim under Federal Rule of Civil Procedure 56. The court denied the United States' motion for summary judgment on the battery claim, however. The court reasoned that a genuine issue of material fact existed as to Levin's consent to the surgery, thus making summary judgment inappropriate.

After being denied summary judgment on the battery claim, the United States altered its strategy. It filed a motion to dismiss the battery claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The United States argued that the district court lacked jurisdiction because the FTCA expressly preserves sovereign immunity against battery claims. The district court agreed and dismissed the battery claim.

Levin appeals only the dismissal of the battery claim; he does not seek review of the negligent malpractice claim. Proceeding *pro se*, he argues that the district court still has jurisdiction to hear his battery claim based on the statutory interplay between the FTCA and the Gonzalez Act.

## II

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's dismissal for lack of subject-matter jurisdiction. *See Green v. United States*, 630 F.3d 1245, 1248 (9th Cir. 2011).

## III

**[1]** "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Waivers of the government's sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). The Federal Tort Claims Act is one such

unequivocal waiver. *See* 28 U.S.C. §§ 1346, 2671-2680 (2008). The act grants federal courts subject-matter jurisdiction over certain tort actions against the United States. 28 U.S.C. § 1346(b). But the FTCA does not waive sovereign immunity over *all* tort actions. Importantly for this case, the act expressly preserves sovereign immunity against "[a]ny claim arising out of . . . battery." 28 U.S.C. § 2680(h). Levin concedes that this express preservation of sovereign immunity, standing alone, would bar federal jurisdiction over his battery claim. He maintains, however, that the Gonzalez Act waives the sovereign immunity that the FTCA otherwise preserves, and thus calls our attention to the wording of 10 U.S.C. § 1089.

**[2]** Enacted in 1976, the Gonzalez Act is part of a series of statutes protecting government employees from individual tort liability. *United States v. Smith*, 499 U.S. 160, 170 (1991). The act immunizes military medical personnel by designating remedies against the United States under the FTCA—not lawsuits against individual healthcare providers serving the military—as the exclusive means of recovery for plaintiffs alleging malpractice. 10 U.S.C. § 1089(a) (2008). According to the U.S. Supreme Court, the Gonzalez Act "functions *solely* to protect military medical personnel from malpractice liability . . . ." *Smith*, 499 U.S. at 172 (emphasis added). According to Levin, however, the Gonzalez Act has an additional function: waiving sovereign immunity against battery claims.

**[3]** Levin centers his argument on a particular subsection of the Gonzalez Act, 10 U.S.C. § 1089(e), which states:

> For purposes of this section, the [FTCA's preservation of immunity against battery claims] shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical, dental, or related health care functions . . . .

*Id.* Levin interprets subsection (e) to *waive* sovereign immunity against battery claims by negating the FTCA's *preservation* of sovereign immunity against battery claims. While this appears to be a viable reading at first blush, a more careful review shows that Levin's argument is untenable for two reasons.

A

First, while we concede that Levin's reading of the Gonzalez Act is plausible, we hold that it is not the best reading of the statute. Statutory interpretation begins with the statute's plain language. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). Words and phrases must not be read in isolation, but with an eye toward the "purpose and context of the [whole] statute." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006).

**[4]** Looking at the plain language of subsection (e), we are immediately confronted with its restrictive introductory clause: "For purposes of this section . . . ." 10 U.S.C. § 1089(e). We have already discussed that the primary purpose of the Gonzalez Act is "to protect military medical personnel from malpractice liability . . . ." *Smith*, 499 U.S. at 172. To be consistent with this purpose, we read subsection (e) not as a *waiver of sovereign immunity* for battery claims brought against the United States, but as an *expression of personal immunity* from battery claims brought against military medical personnel.

**[5]** It seems clear that the Gonzalez Act makes the FTCA the exclusive remedy for tort actions against military medical personnel. The Gonzalez Act states that "[t]he remedy against the United States" provided by the FTCA excludes "any other civil action or proceeding" against the military healthcare provider. 10 U.S.C. § 1089(a). But because the FTCA provides no "remedy against the United States" for battery, the Gonzalez Act could provide wiggle room for clever tort plaintiffs. A plaintiff could argue that with no "remedy against the

United States" for battery, a battery remedy must still exist against his individual military healthcare provider. Subsection (e) is best read to foreclose this argument given congressional protection of military medical personnel against malpractice liability. This interpretation is not only consistent with the purpose of the Gonzalez Act, but also with its legislative history:

> Subsection (e) would nullify a provision of the [FTCA] which would otherwise exclude any action for assault and battery from the coverage of the [FTCA]. In some jurisdictions it might be possible for a claimant to characterize negligence or a wrongful act as a tort of assault and battery. In this way, the claimant could sue the medical personnel in his individual capacity . . . simply as a result of how he pleaded his case. In short, subsection (e) makes the [FTCA] the exclusive remedy for any action, *including assault and battery*, that could be characterized as malpractice.

S. Rep. No. 94-1264, at 9 (1976) (emphasis added). By "nullifying" the FTCA's preservation of sovereign immunity "for purposes of" the Gonzalez Act, subsection (e) works to protect military medical personnel from artfully pled malpractice claims. We hold it does not waive sovereign immunity.

## B

Second, Levin's reading runs counter to well-established guidelines for interpreting waivers of sovereign immunity. As stated above, waivers of sovereign immunity "must be unequivocally expressed." *King*, 395 U.S. at 4. The plaintiff "bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). If the statute that waives sovereign immunity places "limitations and conditions upon the waiver," those limitations are to be "strictly observed and exceptions thereto

are not to be implied." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) (internal quotation marks omitted) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981)). When in doubt, courts will "strictly construe[ ]" waivers of sovereign immunity "in favor of the sovereign." *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Levin's reading of the Gonzalez Act, while plausible, does not "point[ ] to . . . an unequivocal waiver of immunity." *Holloman*, 708 F.2d at 1401. To the contrary, his reading builds inference upon inference to reach, at best, an implied waiver. He reasons that if the FTCA's *preservation* of immunity "shall not apply," then a concomitant *waiver* of immunity *shall* apply, even if no such waiver is mentioned anywhere in the Gonzalez Act or its legislative history. This circular reading—where one statute references another statute to reach a result expressed by neither—cannot result in a waiver when nothing short of an unequivocal expression will do. Unfortunately for Levin, the only unequivocal expression in this case is the FTCA's clear preservation of sovereign immunity against "[a]ny claim arising out of . . . battery . . . ." 28 U.S.C. § 2680(h). We must reject implied exceptions to this provision of the FTCA, *Hodge*, 107 F.3d at 707, and therefore decline to adopt Levin's interpretation of the Gonzalez Act.

IV

In arguing that the Gonzalez Act waives sovereign immunity, Levin relies heavily on the Tenth Circuit's decision in *Franklin v. United States*, 992 F.2d 1492 (10th Cir. 1993). *Franklin* involved a statute very similar to the Gonzalez Act, former 38 U.S.C. § 4116 (now 38 U.S.C. § 7316). This statute protects medical employees of the Veterans Health Administration (VHA) from personal liability. *See* 38 U.S.C. § 7316(a) (2008). The statutory language at issue in *Franklin,*

subsection 7316(f), is very similar to subsection (e) of the Gonzalez Act:

> The [FTCA's preservation of immunity against battery] shall not apply to any claim arising out of a negligent or wrongful act or omission of any person described in subsection (a) in furnishing medical care or treatment . . . while in the exercise of such person's duties in or for the [VHA].

38 U.S.C. § 7316(f). The *Franklin* court read this provision the same way Levin reads the Gonzalez Act's subsection (e): as a waiver of sovereign immunity for battery claims. We find the Tenth Circuit's decision in *Franklin* unpersuasive for two reasons.

### A

First, the *Franklin* court's interpretation of § 7316, like Levin's interpretation of the Gonzalez Act, ignores the well-established principle that waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." *King*, 395 U.S. at 4.

Our sister circuit began its analysis on the right path. It correctly recognized, as we do, that the language of § 7316(f) has the same purpose as subsection (e) of the Gonzalez Act: prohibiting battery claims against individual medical personnel. *Franklin*, 992 F.2d at 1500. Thus, subsection (f), like subsection (e) of the Gonzalez Act, "resolve[s]" the clever-plaintiff problem we discuss above. *Id.* (explaining that because there is "no possible remedy under the FTCA, a cause of action [for battery] against the responsible health worker could be maintained" if not for the protection provided in subsection (f)). We agree that this is the proper, limited interpretation of the subsection's text.

But the *Franklin* court went a step further. It held that subsection (f), in expressing congressional intent to *grant individ-*

*ual* immunity against battery, failed to express legislative intent to *preserve sovereign* immunity against battery. *Id.* (postulating different ways Congress "could have" phrased § 7316(f) to more clearly express its intent that sovereign immunity be preserved). Only if Congress had "indicate[d] more generally" that individual immunity for VHA personnel "was *not* contingent on the existence of a substitute remedy under the FTCA," would the Tenth Circuit leave plaintiffs "without redress." *Id.* (emphasis added). It appears the court thus reasoned that *preservations* of sovereign immunity—not waivers—must be "unequivocally expressed" in the statute. With respect to our colleagues in *Franklin*, we think this reasoning gets it exactly backwards. It presumes that a statute waives sovereign immunity simply because it does not clearly state the contrary proposition. Such a presumption would turn our circuit's settled case law on its head, not to mention the Supreme Court's jurisprudence, and we must respectfully reject it.

B

Second, the *Franklin* court reasoned that "extensions of VA personal immunity should be contingent on the government's correlative assumption of FTCA liability." *Id.* Unfortunately for plaintiffs like Levin, the Supreme Court expressly rejected an identical argument in *Smith*. *Smith*, 499 U.S. at 165. In *Smith*, the plaintiff argued that Congress would not have intended to immunize individual officials through the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA) unless the government accepted a corresponding expansion of liability to allow some chance of recovery. *Id.* The Court rejected this quid-pro-quo reasoning. The Court held that the FELRTCA "immunizes Government employees from suit *even when an FTCA exception precludes recovery against the Government*." *Id.* (emphasis added). The Court recognized the harsh consequences of its interpretation but ruled against the tort plaintiff anyway. *Id.* at 166 (conceding

that its reading of the FELRTCA could "foreclose a tort plain-tiff's recovery altogether").

The Tenth Circuit attempted to distinguish *Smith* based on a perceived difference in the statute at issue: "[I]n contrast to [statutes such as § 7316 or the Gonzalez Act], the text and history of the [FELRTCA] reflect no intent to offset personal immunity with government liability." *Franklin*, 992 F.2d at 1501. We find this distinction illusory. We search in vain for language of "intent to offset personal immunity with govern-ment liability" anywhere in the text or legislative history of the Gonzalez Act. We therefore reject the Tenth Circuit's quid-pro-quo rationale for expanding liability in *Franklin*, and adhere to the Supreme Court's more limited view of immu-nity in *Smith*.

V

**[6]** Because Levin's surgery was performed by Navy per-sonnel, not employees of the VHA, we do not reach his argu-ment that § 7316 applies. The district court properly dismissed Levin's battery claim for lack of subject-matter jurisdiction.

**AFFIRMED**.