**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERNON PARKER, husband and LISA FARRINGER PARKER, wife,<br><br>             Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant - Appellee. | No. 11-16389<br><br>D.C. No. 2:10-cv-01407-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 6, 2012[**]
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Appellants Vernon Parker and Lisa Farringer Parker appeal from the district

court's order dismissing their Complaint for lack of subject matter jurisdiction and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and now affirm.

The district court found that the Parkers' abuse of process claim was covered by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), and dismissed it for lack of subject matter jurisdiction. We agree. The government has established that the Small Business Administration's Office of Inspector General's investigation into VBP Group, LLC's 8(a) certification application was not subject to any legal constraint or mandatory procedure under federal law; Special Agent Lee Bacon retained discretion, and his investigation was "susceptible to a policy analysis." *Green v. United States*, 630 F.3d 1245, 1249, 1251 (9th Cir. 2011) (quotation marks omitted). The subjective motivations or procedural irregularities the Parkers allege are irrelevant, as this discretionary government function as a whole is excepted from the FTCA's waiver of sovereign immunity. *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991); *Sabow v. United States*, 93 F.3d 1445, 1452 n.6, 1454 (9th Cir. 1996). This investigation was not only susceptible to a policy analysis, but was informed by policy

considerations in ascertaining whether a regulatory scheme's rules had been violated. This claim was properly dismissed for lack of jurisdiction.[1]

The district court also dismissed the negligent supervision claim for failure to state a claim. However, since the discretionary function exception is a threshold jurisdictional matter, we must resolve this question prior to reaching the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). We may affirm on any grounds supported by the record, *Schechner v. KPIX-TV*, 686 F.3d 1018, 1022-23 (9th Cir. 2012), and now hold that the Parkers' negligent supervision claim is also barred by the discretionary function exception. The Ninth Circuit has stated that negligent supervision claims "fall squarely within the discretionary function exception." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000); *see also Gager v. United States*, 149 F.3d 918, 921-22 (9th Cir. 1998). The SBA's supervision of its staff is clearly a discretionary function, entails the consideration of policies and competing administrative and investigatory priorities, and is therefore immunized from liability under the FTCA. The district court's ruling is therefore affirmed on the alternative ground of lack of subject matter jurisdiction.

**AFFIRMED.**

---

[1] The district court ruled, in the alternative, that the Parkers had failed to state a claim for abuse of process. We need not reach this ruling, as we have already affirmed the dismissal of this claim on jurisdictional grounds.

3