**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID G. MATTHEWS,

          Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

          Defendant - Appellee.

No. 11-17125

D.C. No. 1:07-cv-00030

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

     David G. Matthews appeals pro se from the district court's judgment

dismissing his Federal Tort Claims Act ("FTCA") action alleging claims arising

from Navy officials' investigation and remediation of an incident of child abuse

involving Matthews's minor daughter. We have jurisdiction under 28 U.S.C.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo the district court's dismissal for lack of subject matter jurisdiction and application of the discretionary function exception to the FTCA, *Green v. United States*, 630 F.3d 1245, 1248 (9th Cir. 2011), and we affirm.

The district court properly dismissed Matthews's action for lack of subject matter jurisdiction because the United States is immune from liability under the "discretionary function" exception to the FTCA.  28 U.S.C. § 2680(a); *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991) (the discretionary function exception covers acts that are "discretionary in nature" and "based on considerations of public policy").

The district court did not abuse its discretion in denying Matthews's motion for default judgment because Matthews was not prejudiced by the government's short delay in filing a response to his amended complaint.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and listing the factors for determining whether to enter default judgment).

The district court did not abuse its discretion in denying without prejudice Matthews's motion for sanctions because it did so in the interest of sound judicial administration upon granting Matthews's motion to stay the litigation, and afforded Matthews the opportunity to renew the motion once litigation resumed, which he

failed to do. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth standard of review).

The district court did not abuse its discretion in denying Matthews's motion for leave to file an amended complaint because the proposed second amended complaint raised a new claim that would not be supported by the same kind of evidence as the claims in the prior complaints, would unduly delay the litigation, and would unfairly prejudice the government in having to investigate a claim that could not have been inferred from the prior complaints. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (setting forth standard of review and factors for determining whether to grant leave to amend).

Because the district court lacked subject matter jurisdiction over Matthews's action, we do not consider Matthews's contentions regarding his claims under Guam law.

We do not consider arguments and allegations raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**