**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ARTEAGA-RUIZ,

            Plaintiff-Appellant,

 and

LILIA RUIZ-ARTEAGA; JOSE
ARTEAGA-ARTEAGA,

            Plaintiffs,

 v.

UNITED STATES OF AMERICA,

            Defendant-Appellee.

No. 16-35299

D.C. No. 4:14-cv-00061-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted November 6, 2017
Portland, Oregon

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ and W. FLETCHER, Circuit Judges, and TIGAR,[**] District Judge.

Plaintiff-Appellant Jose Arteaga-Ruiz appeals the district court's dismissal of his claims for lack of subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The FTCA waives the United States' sovereign immunity for certain damages actions based on "the negligent or wrongful act[s] or omission[s]" of federal employees. 28 U.S.C. § 1346(b)(1). However, the FTCA's waiver is limited by several exceptions, including the "discretionary function exception." 28 U.S.C. § 2680(a). Under this exception, the United States retains its sovereign immunity for acts that were (1) discretionary and (2) based on considerations of public policy. *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).

Arteaga-Ruiz's claims turn on whether federal immigration agents negligently or wrongfully failed to discover that Arteaga-Ruiz was a U.S. citizen before he was removed in 2007. His claims are barred by the discretionary function exception because the manner in which the agents investigated Arteaga-Ruiz's eligibility for removal meets both prongs of the *Berkovitz* test. First, the agents "retained an element of judgment or choice" in conducting their

[**] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

investigation, *see Green v. United States*, 630 F.3d 1245, 1249 (9th Cir. 2011),

especially in light of Arteaga-Ruiz's admission of non-citizenship. Second, the

agents' method of investigation was "susceptible to a policy analysis," *Nurse v.*

*United States*, 226 F.3d 996, 1001 (9th Cir. 2000), as a federal investigation

"clearly require[s] investigative officers to consider relevant political and social

circumstances in making decisions about the [investigation's] nature and scope,"

*Sabow v. United States*, 93 F.3d 1445, 1453 (9th Cir. 1996).

Arteaga-Ruiz argues that even if decisions about the manner of investigating

his eligibility for removal satisfy the *Berkovitz* test, the decision to conduct no

investigation at all does not. But accepting as true Arteaga-Ruiz's factual

allegations, the agents collected and recorded information relevant to Arteaga-

Ruiz's immigration status. Arteaga-Ruiz also stipulated to being removable as a

non-citizen. Arteaga-Ruiz points to no specific additional steps or "course of

action" that the agents were bound to take. *See Green*, 630 F.3d at 1250–51.

Arteaga-Ruiz also argues that regardless of the investigation, the agents

could not have been acting with discretion because they lacked the authority to

arrest, detain, and deport a U.S. citizen. We are troubled by the facts of this case,

especially given how much of the information needed to establish that Arteaga-

Ruiz was a citizen was in the possession of the agents. But our task is to evaluate

3

the "nature of the challenged conduct" to determine if it was "of the kind that the discretionary function exception was designed to shield," regardless of whether "the discretion involved be abused." *Berkovitz*, 486 U.S. at 536; 28 U.S.C. § 2680(a). In this case, the arrest, detention, and deportation of Arteaga-Ruiz cannot be separated from the agents' investigation and their reliance on his admission of non-citizenship.

The parties have not addressed on appeal the effect, if any, of the FTCA's "law enforcement proviso." 28 U.S.C. § 2860(h). As this question is not properly before us, we decline to address it.

**AFFIRMED**.