NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIANSHU CHENG,<br><br>         Plaintiff-Appellant,<br><br>  v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KENNETH THOMAS CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, in his Official Capacity,<br><br>         Defendants-Appellees. | No. 20-17493<br><br>D.C. No. 4:20-cv-01962-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 29, 2022[**]
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,[***] International Trade Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Plaintiff Tianshu Cheng timely appeals the district court's dismissal, for lack of Article III jurisdiction, of his complaint challenging the initial March 2020 denial of his application for work authorization by Defendants United States Citizenship and Immigration Services and the Acting Director of the agency. In April 2020, on reconsideration, Defendants approved the application and moved to dismiss this action the following month. The district court agreed with Defendants' factual challenge to subject matter jurisdiction, concluding that Plaintiff suffered no cognizable injury from the initial denial in March 2020. Reviewing de novo the existence of subject matter jurisdiction, City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020), cert. denied, 141 S. Ct. 2776 (2021), we affirm.

The district court properly entertained Defendants' factual challenge to subject matter jurisdiction. Contrary to Plaintiff's assertion that Defendants produced "no initial evidence," Defendants submitted a declaration by an agency employee stating that the agency had "reopened and approved" Plaintiff's application. See Green v. United States, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) ("On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court."). Plaintiff does not dispute the accuracy of the declaration.

Instead, Plaintiff contends that the initial denial of his application, and a resulting 77-day period of unemployment, jeopardized his immigration status and student status in early 2020. He seeks various declarations by the court that, because Defendants' initial denial was unlawful, his immigration status and student status were duly maintained during those months.

We agree with the district court that Plaintiff's feared harms are speculative. Although Plaintiff asserts to us that Defendants' initial denial jeopardizes Plaintiff's "definitive, imminent applications for immigration benefits," Plaintiff nowhere specifies what applications are imminent or what statutes and regulations govern those forthcoming applications. To the contrary, Defendants informed us in their responding brief that, since Plaintiff filed his opening brief, Plaintiff has successfully transitioned to H-1B status. Plaintiff declined to file a reply brief and has not otherwise challenged Defendants' assertion. In any event, Plaintiff has failed to specify how Defendants' initial denial concretely will affect Plaintiff in the future. See, e.g., Nat. Res. Def. Council v. EPA, 735 F.3d 873, 878 (9th Cir. 2013) (holding that, to satisfy the "injury in fact" requirement for Article III jurisdiction, any feared harm must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical" (internal quotation marks omitted)).

**AFFIRMED.**

3