(Slip Opinion) OCTOBER TERM, 2012 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## LEVIN *v.* UNITED STATES ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 11–1351.  Argued January 15, 2013—Decided March 4, 2013

The Federal Tort Claims Act (FTCA) waives the Government's sovereign immunity from tort suits, 28 U. S. C. §1346(b)(1), but excepts from the waiver certain intentional torts, including battery, §2680(h). The FTCA, as originally enacted, afforded tort victims a remedy against the United States, but did not preclude suit against the alleged tortfeasor as sole or joint defendant.  Several agency-specific statutes postdating the FTCA, however, immunized certain federal employees from personal liability for torts committed in the course of their official duties.  One such statute, the Gonzalez Act, makes the remedy against the United States under the FTCA preclusive of any suit against armed forces medical personnel.  10 U. S. C. §1089(a). The Act also provides that, "[f]or purposes of this section," the intentional tort exception to the FTCA "shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical . . . functions."  §1089(e).  Congress subsequently enacted comprehensive legislation, the Federal Employees Liability Reform and Tort Compensation Act (Liability Reform Act), which makes the FTCA's remedy against the United States exclusive for torts committed by federal employees acting within the scope of their employment, 28 U. S. C. §2679(b)(1).  Under the Liability Reform Act, federal employees are shielded without regard to agency affiliation or line of work.

Petitioner Levin suffered injuries as a result of cataract surgery performed at a U. S. Naval Hospital.  He filed suit, naming the United States and the surgeon as defendants and asserting, *inter alia*, a claim of battery, based on his alleged withdrawal of consent to operate shortly before the surgery took place.  Finding that the surgeon had acted within the scope of his employment, the District Court re-

leased him and substituted the United States as sole defendant. The Government moved to dismiss the battery claim, relying on the FTCA's intentional tort exception. Levin countered that the Gonzalez Act, in particular, §1089(e), renders that exception inapplicable when a plaintiff alleges medical battery by a military physician. The District Court granted the Government's motion to dismiss. Affirming, the Ninth Circuit concluded that §1089(e) served only to buttress the immunity from personal liability granted military medical personnel in §1089(a), and did not negate the FTCA's intentional tort exception.

*Held*: The Gonzalez Act direction in §1089(e) abrogates the FTCA's intentional tort exception and therefore permits Levin's suit against the United States alleging medical battery by a Navy doctor acting within the scope of his employment. Pp. 8–15.

(a) To determine whether the Government's immunity is waived for batteries, the Court looks to §1089(e)'s language, "giving the 'words used' their 'ordinary meaning.'" *Moskal* v. *United States*, 498 U. S. 103, 108. Levin claims that the operative clause of §1089(e), which provides that the FTCA's intentional tort exception "shall not apply" to medical malpractice claims, is qualified by the provision's introductory clause "[f]or purposes of this section," which confines the operative clause to claims alleging malpractice by personnel in the armed forces and the other agencies specified in the Gonzalez Act. The Government, in contrast, argues that §1089(e)'s introductory clause instructs courts to pretend, "[f]or purposes of" the Gonzalez Act, that §2680(h) does not secure the Government against liability for intentional torts, including battery, even though §2680(h) does provide that shelter. The choice between the parties' dueling constructions is not a difficult one. Section 1089(e)'s operative clause states, in no uncertain terms, that the FTCA's intentional tort exception, §2680(h), "shall not apply," and §1089(e)'s introductory clause confines the abrogation of §2680(h) to medical personnel employed by the agencies listed in the Gonzalez Act. Had Congress wanted to adopt the Government's counterfactual interpretation, it could have used more precise language, as it did in §1089(c), a subsection adjacent to §1089(e). Pp. 8–11.

(b) Under the Government's interpretation of §1089(e), the Liability Reform Act would displace much of the Gonzalez Act. That reading conflicts with the view the Government stated in *United States* v. *Smith*, 499 U. S. 160. There, the question was whether a person injured abroad due to a military doctor's negligence may seek compensation from the doctor in a U. S. court, for the FTCA gave them no recourse against the Government on a "claim arising in a foreign country," 28 U. S. C. §2680(k). In arguing that such persons also

lacked recourse to a suit against the doctor, the Government contended that the Liability Reform Act made "[t]he remedy against the United States" under the FTCA "exclusive." §2679(b)(1). This interpretation, the Government argued, would not override the Gonzalez Act, which would continue to serve two important functions: Title 10 U. S. C. §1089(f)(1) would authorize indemnification of individual military doctors sued abroad where foreign law might govern; and the Gonzalez Act would allow an FTCA suit against the United States if the doctor performed a procedure to which the plaintiff did not consent. Adopting the Government's construction, the Court held that §2679(b)(1) grants all federal employees, including medical personnel, immunity for acts within the scope of their employment, even when the FTCA provides no remedy against the United States. 499 U. S., at 166. Under the Government's current reading of §1089(e), the Liability Reform Act overrides the Gonzalez Act except in the atypical circumstances in which indemnification of the doctor under §1089(f)(1) remains possible, while under Levin's reading, the Gonzalez Act does just what the Government said it did in *Smith*. Pp. 11–13.

(c) The Government attempts to inject ambiguity into §1089(e) by claiming that 38 U. S. C. §7316, a parallel statute that confers immunity on medical personnel of the Department of Veterans Affairs, expresses Congress' intent to abrogate §2680(h) with the unmistakable clarity the Gonzalez Act lacks. But this Court sees nothing dispositively different about the wording of the two provisions, and neither did the Government when it argued in the District Court that §1089(e) and §7316(f) are functionally indistinguishable. Pp. 13–14.

663 F. 3d 1059, reversed and remanded.

GINSBURG, J., delivered the opinion of the Court, which was unanimous except insofar as SCALIA, J., did not join footnotes 6 and 7.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 11–1351

_____

## STEVEN ALAN LEVIN, PETITIONER *v.* UNITED STATES ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[March 4, 2013]

JUSTICE GINSBURG delivered the opinion of the Court.*

Petitioner Steven Alan Levin, a veteran, suffered injuries as a result of cataract surgery performed at the U. S. Naval Hospital in Guam. He asserts that, just prior to the operation, concern about equipment in the operating room led him to withdraw his consent to the surgery. Seeking compensation from the United States, Levin sued under the Federal Tort Claims Act (FTCA), 28 U. S. C. §§1346(b), 2671–2680, which waives the Government's sovereign immunity from tort suits, but excepts from the waiver certain intentional torts, including battery, §2680(h). Levin relied on the Gonzalez Act, 10 U. S. C. §1089, which makes the remedy against the United States under the FTCA preclusive of any suit against armed forces medical personnel, §1089(a). In the provision at issue in this case, §1089(e), the Gonzalez Act declares that, "[f]or purposes of" the Act, the intentional tort exception to the FTCA "shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical . . . functions."

———————

*JUSTICE SCALIA joins this opinion, except as to footnotes 6 and 7.

The Government reads §1089(e) simply to shore up §1089(a)'s immunization of medical personnel against tort liability. Levin, in contrast, reads §1089(e) to establish his right to bring a claim of medical battery against the United States under the FTCA without encountering the intentional tort exception. The U. S. District Court for the District of Guam, affirmed by the Ninth Circuit, dismissed Levin's battery claim based on the reading of the Gonzalez Act proffered by the Government. We find the Government's reading strained, and Levin's, far more compatible with the text and purpose of the federal legislation. We therefore reverse the Ninth Circuit's judgment.

## I

### A

The FTCA, enacted in 1946, "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Richards* v. *United States*, 369 U. S. 1, 6 (1962). The Act gives federal district courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of federal employees acting within the scope of their employment. 28 U. S. C. §1346(b)(1). Substantively, the FTCA makes the United States liable "to the same extent as a private individual under like circumstances," §2674, under the law of the place where the tort occurred, §1346(b)(1), subject to enumerated exceptions to the immunity waiver, §§2680(a)–(n). The exception relevant in this case is §2680(h), which, *inter alia*, preserves the Government's immunity from suit on "[a]ny claim arising out of . . . battery." We have referred to §2680(h) as the "intentional tort exception." *E.g.*, *United States* v. *Shearer*, 473 U. S. 52, 54 (1985).[1]

-----

[1] This shorthand description is not entirely accurate. Section 2680(h)

Originally, the FTCA afforded tort victims a remedy against the United States, but did not preclude lawsuits against individual tortfeasors.  See *Henderson* v. *Bluemink*, 511 F. 2d 399, 404 (CADC 1974).  Judgment against the United States in an FTCA action would bar a subsequent action against the federal employee whose conduct gave rise to the claim, 28 U. S. C. §2676, but plaintiffs were not obliged to proceed exclusively against the Government.  They could sue as sole or joint defendants federal employees alleged to have acted tortiously in the course of performing their official duties.

In time, Congress enacted a series of agency-specific statutes designed to shield precisely drawn classes of employees from the threat of personal liability.  *United States* v. *Smith*, 499 U. S. 160, 170 (1991).  One such measure was the Medical Malpractice Immunity Act, 90 Stat. 1985, 10 U. S. C. §1089, passed in 1976 and commonly known as the Gonzalez Act.[2]  That Act, controlling in

_____

does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion and trespass, and it encompasses certain torts, *e.g.*, misrepresentation, that may arise out of negligent conduct.  See *United States* v. *Neustadt*, 366 U. S. 696, 702 (1961).

[2] The agency-specific statutes were patterned on the Federal Drivers Act, 75 Stat. 539, 28 U. S. C. §§2679(b)–(e) (1970 ed.), passed in 1961 and amended in 1988 by Pub. L. 100–694, §5(b), 102 Stat. 4564.  The Drivers Act made an action against the United States under the FTCA the "exclusive" remedy for "personal injury . . . resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment."  §2679(b).  Statutes conferring immunity on medical personnel of the Department of Veterans Affairs, 79 Stat. 1156, 38 U. S. C. §4116 (1970 ed.), now codified at 38 U. S. C. §7316 (2006 ed.), and the Public Health Service, 84 Stat. 1870, 42 U. S. C. §233 (2006 ed.), followed in 1965 and 1970, respectively.  In 1976, in addition to the Gonzalez Act, Congress enacted a statute immunizing medical personnel of the National Aeronautics and Space Administration, 90 Stat. 1988, 42 U. S. C. §2458a (1982 ed.), now codified at 51 U. S. C. §20137 (2006 ed., Supp. IV).  And in 1980, it enacted a personal immunity statute covering medical personnel of the Department of State, 94 Stat. 2155, 22 U. S. C. §2702 (2006 ed.).

this case, makes claims against the United States under
the FTCA the "exclusive" remedy for injuries resulting
from malpractice committed by medical personnel of the
armed forces and other specified agencies.   10 U. S. C.
§1089(a).[3]

  A subsection of the Gonzalez Act key to the issue before
us, §1089(e), refers to the FTCA's intentional tort excep-
tion.  It provides: "For purposes of this section, the provi-
sions of section 2680(h) of title 28 shall not apply to any
cause of action arising out of a negligent or wrongful act or
omission in the performance of medical, dental, or related
health care functions."  Section 1089(e) was patterned on a
provision in a statute, enacted six years earlier, that
conferred immunity on medical personnel of the Public
Health Service.  See 84 Stat. 1870, 42 U. S. C. §233(e)
(1976 ed.) ("For purposes of this section, the provisions of
[§2680(h)] shall not apply to assault or battery arising out
of negligence in the performance of medical . . . func-

_____

  [3] In full, §1089(a) reads:
  "The remedy against the United States provided by sections 1346(b)
and 2672 of title 28 for damages for personal injury, including death,
caused by the negligent or wrongful act or omission of any physician,
dentist, nurse, pharmacist, or paramedical or other supporting person-
nel (including medical and dental technicians, nursing assistants, and
therapists) of the armed forces, the National Guard while engaged in
training or duty under section 316, 502, 503, 504, or 505 of title 32, the
Department of Defense, the Armed Forces Retirement Home, or the
Central Intelligence Agency in the performance of medical, dental, or
related health care functions (including clinical studies and investiga-
tions) while acting within the scope of his duties or employment therein
or therefor shall hereafter be exclusive of any other civil action or
proceeding by reason of the same subject matter against such physi-
cian, dentist, nurse, pharmacist, or paramedical or other supporting
personnel (or the estate of such person) whose act or omission gave rise
to such action or proceeding.  This subsection shall also apply if the
physician, dentist, nurse, pharmacist, or paramedical or other support-
ing personnel (or the estate of such person) involved is serving under a
personal services contract entered into under section 1091 of this title."

tions."). Targeted immunity statutes enacted around the same time as the Gonzalez Act similarly shielded medical personnel employed by specific agencies. See *supra*, at 3, n. 2. Each such measure contained a provision resembling §1089(e). See 22 U. S. C. §2702(e) ("For purposes of this section, the provisions of [§2680(h)], shall not apply to any tort enumerated therein arising out of negligence in the furnishing of medical care or related services."); 38 U. S. C. §7316(f) ("The exception provided in [§2680(h)] shall not apply to any claim arising out of a negligent or wrongful act or omission of any person described in subsection (a) in furnishing medical care or treatment . . . while in the exercise of such person's duties in or for the Administration."); 51 U. S. C. §20137(e) ("For purposes of this section, the provisions of [§2680(h)] shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical . . . functions.").

In 1988, departing from the above-described agency-specific approach, Congress enacted comprehensive legislation titled the Federal Employees Liability Reform and Tort Compensation Act (Liability Reform Act), 102 Stat. 4563, and often called the Westfall Act. This embracive measure makes the remedy against the United States under the FTCA exclusive for torts committed by federal employees acting within the scope of their employment, 28 U. S. C. §2679(b)(1). Shielding all federal employees from personal liability without regard to agency affiliation or line of work, the personal immunity provision of the Liability Reform Act tracks the text of §1089(a). The comprehensive enactment, however, did not repeal the Gonzalez Act, *Smith*, 499 U. S., at 172, or, presumably, any of the other laws covering medical personnel employed at particular agencies. Unlike the Gonzalez Act and kindred statutes, the Liability Reform Act does not reference, as §1089(e) does, the FTCA's intentional tort exception, 28

U. S. C. §2680(h).

### B

The petitioner, Steven Alan Levin, a veteran, was diagnosed with a cataract in his right eye. He sought treatment at the United States Naval Hospital in Guam and was evaluated by Lieutenant Commander Frank Bishop, M. D., an ophthalmologist serving in the U. S. Navy. Dr. Bishop recommended that Levin undergo "phacoemulsification with intraocular lens placement," a surgical procedure involving extraction of the cataract and insertion of an artificial replacement lens. Levin signed forms consenting to the operation, which took place on March 12, 2003. Shortly before the surgery began, Levin alleges, he orally withdrew his consent twice, but Dr. Bishop conducted the operation nevertheless. Due to complications occurring while the surgery was underway, Levin developed corneal edema, a condition that left him with diminished eyesight, discomfort, problems with glare and depth-of-field vision, and in need of ongoing medical treatment.

Levin sought compensation for the untoward results of the surgery. After exhausting administrative remedies, he commenced a civil action in the U. S. District Court for the District of Guam. Naming the United States and Dr. Bishop as defendants, Levin asserted claims of battery, based on his alleged withdrawal of consent to the surgery, and negligence, based on alleged flaws in Dr. Bishop's performance of the operation. Accepting the Government's representation that Dr. Bishop was acting within the scope of his employment while performing the surgery, the District Court granted the Government's motion to release Dr. Bishop and substitute the United States as sole defendant. When Levin failed to produce expert testimony in support of his negligence allegations, the court granted the Government's motion for summary judgment on that claim.

Next, the Government moved to dismiss the battery claim. The District Court no longer had jurisdiction over Levin's case, the Government argued, because the FTCA's intentional tort exception, §2680(h), disallows suits against the United States for battery. Levin countered that the Gonzalez Act, in particular, §1089(e), renders the intentional tort exception inapplicable when a plaintiff alleges medical battery by an armed forces physician. The District Court rejected Levin's plea and granted the Government's motion to dismiss for lack of subject-matter jurisdiction. App. to Pet. for Cert. 14a–41a.

On appeal to the Ninth Circuit, Levin did not question the adverse judgment on his negligent performance claim, but he renewed the argument that the battery claim, based on his alleged withdrawal of consent, survived. That was so, he maintained, because §1089(e) negated §2680(h), the FTCA's intentional tort exception. The Court of Appeals thought Levin's construction of the Gonzalez Act "plausible," but "not the best reading of the statute." 663 F. 3d 1059, 1062 (2011). As perceived by the Ninth Circuit, §1089(e) had a limited office, serving only to buttress the immunity from personal liability granted military medical personnel in §1089(a). "[C]lever tort plaintiffs," the court conjectured, might argue in future cases that because the FTCA does not authorize battery claims against the United States, such claims may be asserted against military doctors notwithstanding §1089(a). *Ibid.* Section 1089(e) foreclosed that argument, but the provision did nothing more, the court concluded. Satisfied that §1089(e) served the dominant purpose of the Gonzalez Act—to immunize covered medical personnel against malpractice liability—and did not unequivocally waive the United States' sovereign immunity from battery claims, the Ninth Circuit affirmed the District Court's

disposition.[4]

We granted certiorari, 567 U. S. ___ (2012), recognizing that Courts of Appeals have divided on the question whether the controlling provision of the Gonzalez Act, §1089(e), authorizes battery claims against the United States when military doctors operate without the patient's consent. Compare 663 F. 3d, at 1063 (case below), with *Keir* v. *United States*, 853 F. 2d 398, 409–410 (CA6 1988) (§1089(e) waives sovereign immunity for battery suits alleging malpractice by military medical personnel); and *Lojuk* v. *Quandt*, 706 F. 2d 1456, 1463 (CA7 1983) (same). See also *Franklin* v. *United States*, 992 F. 2d 1492, 1501 (CA10 1993) (38 U. S. C. §7316(f), concerning Department of Veterans Affairs' medical personnel, includes an "essentially identical counterpart" to §1089(e), which similarly "nullif[ies] §2680(h) and thereby expand[s] the injured party's remedy against the government under the FTCA").[5]

## II
### A

We note at the outset that medical malpractice claims

_____

[4] In accord with the Ninth Circuit, the Government maintains that sovereign immunity is never waived absent unequivocal congressional statement to that effect. See Brief for United States 14–15 (citing *FAA* v. *Cooper*, 566 U. S. ___, ___ (2012) (slip op., at 5)); *United States* v. *Bormes*, 568 U. S. ___, ___ (2012) (slip op., at 4). Levin, on the other hand, urges that, in view of the FTCA's sweeping waiver of immunity, §1346(b)(1), exceptions to that waiver, contained in §2680, should not be accorded an unduly generous interpretation. See Brief for Court-Appointed *Amicus Curiae* in Support of Petitioner 40 (citing *Dolan* v. *Postal Service*, 546 U. S. 481, 492 (2006)). We need not settle this dispute. For the reasons stated, *infra* this page and 9–14, we conclude that §1089(e) meets the unequivocal waiver standard.

[5] We appointed James A. Feldman to brief and argue the position of the petitioner as *amicus curiae*. 568 U. S. ___ (2012). *Amicus* Feldman has ably discharged his assigned responsibilities and the Court thanks him for his well stated arguments.

may be based on negligence, in which case the FTCA's waiver of the Government's sovereign immunity is not in doubt. See 28 U. S. C. §1346(b)(1); *supra,* at 2. Or they may be based on alleged lack of consent, therefore qualifying as batteries. Whether the Government's immunity is waived for such claims depends on the meaning of 10 U. S. C. §1089(e). See *supra,* at 4.

In determining the meaning of a statute, "we look first to its language, giving the words used their ordinary meaning." *Moskal* v. *United States*, 498 U. S. 103, 108 (1990) (citation and internal quotation marks omitted). The provision of the Gonzalez Act at issue, §1089(e), has two components: an introductory clause and an operative clause. The introductory clause prefaces §1089(e) with "[f]or purposes of this section." The operative clause instructs that 28 U. S. C. §2680(h), the FTCA's intentional tort exception, "shall not apply to any cause of action arising out of . . . negligent or wrongful" conduct taken "in the performance of medical, dental or related health care functions." §1089(e).

We set out below the parties' dueling constructions of §1089(e). Levin reads §1089(e) to negate §2680(h) for battery claims involving medical personnel of the armed forces and other specified agencies. He trains first on the operative clause of §1089(e), which contains this directive: The intentional tort exception to the FTCA "shall not apply" to claims alleging medical malpractice. But, he points out, if left unqualified, the operative clause would expose the United States to liability for medical malpractice committed by federal employees across all agencies. The introductory clause, Levin maintains, supplies the qualification: It confines the operative clause to claims covered by "this section," *i.e.*, claims alleging malpractice by personnel in the armed forces and the other agencies specified in the Gonzalez Act. Because Levin's claim concerning Dr. Bishop's alleged battery fits that category,

Levin concludes, he may sue to recover from the United States.

The Government, in contrast, reads §1089(e)'s introductory clause as instructing courts to pretend, "[f]or purposes of" the Gonzalez Act, that §2680(h) does not secure the Government against liability for intentional torts, including battery, even though §2680(h) does provide that shelter. Congress included this counterfactual instruction in the Gonzalez Act, the Government successfully argued in the Ninth Circuit, "to guard against the negative inference that, if no remedy against the United States were available for a medical battery claim, a remedy against an individual defendant must exist." Brief for United States 8. Warding off this mistaken inference, the Government asserts, §1089(e) eliminates any doubt that the military medical personnel covered by §1089(a) are personally immune from malpractice liability. Ensuring that immunity, the Government reminds us, was the very purpose of the Gonzalez Act.

The choice between these alternative readings of §1089(e) is not difficult to make. Section §1089(e)'s operative clause states, in no uncertain terms, that the intentional tort exception to the FTCA, §2680(h), "shall not apply," and §1089(e)'s introductory clause confines the abrogation of §2680(h) to medical personnel employed by the agencies listed in the Gonzalez Act.[6]

The Government invites us to read the phrase "section 2680(h) . . . shall not apply," to convey "§2680(h) does apply," a reading most unnatural. Had Congress wanted to guard against any inference that individual employees may be liable, despite §1089(a)'s statement that the

———————

[6] Corroborating this plain reading, the Senate Report on the Gonzalez Act explains that §1089(e) was enacted to "nullify a provision of the Federal Tort Claims Act which would otherwise exclude any action for assault and battery" from FTCA coverage. S. Rep. No. 94–1264, p. 9 (1976).

remedy against the United States is exclusive, see *supra,* at 4, n. 3, Congress might have stated, "subsection (a) applies even when §2680(h) precludes recovery against the United States under the FTCA." Or, Congress might have provided that §2680(h) shall be "deemed" or "considered" inapplicable, a formulation commonly employed to direct courts to make counterfactual assumptions. See, *e.g.,* 7 U. S. C. §7283(b) ("For purposes of this section, raw cane sugar, refined beet sugar, and in-process sugar eligible for a loan . . . shall not be considered an agricultural commodity."); 15 U. S. C. §78*o*–11(e)(3)(B) (2006 ed., Supp. V) ("For purposes of this subsection, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, and the Federal home loan banks shall not be considered an agency of the United States."); 42 U. S. C. §416(b) ("For purposes of subparagraph (C) of section 402(b)(1) of this title, a divorced wife shall be deemed not to be married throughout the month in which she becomes divorced.").

We note, furthermore, that in 10 U. S. C. §1089(c), a subsection of the Gonzalez Act adjacent to §1089(e), Congress used the counterfactual formulation absent in §1089(e). Section 1089(c) provides that certain actions brought against military employees acting within the scope of their employment "shall be . . . deemed a tort action brought against the United States under the provisions of title 28." See *Barnhart* v. *Sigmon Coal Co.*, 534 U. S. 438, 452 (2002) ("[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted)).

## B

Were we to accept the Government's interpretation of

§1089(e), the Liability Reform Act would displace much of the Gonzalez Act. To explain why this is so, we describe the situation before the Court in *United States* v. *Smith*, 499 U. S. 160. *Smith* presented the question whether persons injured abroad due to a military doctor's negligence may seek compensation in a U. S. court from the doctor who caused the injury. Because the FTCA excludes from the Government's waiver of immunity "[a]ny claim arising in a foreign country," 28 U. S. C. §2680(k), the plaintiffs in *Smith* had no remedy against the United States. They also lacked recourse to a suit in this country against the doctor, the Government urged, for the Liability Reform Act made "[t]he remedy against the United States" under the FTCA "exclusive of any other civil action." §2679(b)(1). Were that the case, the plaintiffs responded, the Liability Reform Act would effectively repeal the Gonzalez Act. See Brief for Respondents in *Smith*, O. T. 1990, No. 89–1646, pp. 33–46. In particular, they observed, 10 U. S. C. §1089(f)(1) authorizes the head of an agency to indemnify military doctors "assigned to a foreign country" whose negligent conduct injures a patient. But the indemnification provision would have no work to do, the plaintiffs argued, if the Liability Reform Act foreclosed suit against the doctor.

Not so, the Government responded. The Gonzalez Act would continue to serve two important functions. First, §1089(f)(1) would authorize indemnification of individual military doctors sued abroad where foreign law, rather than the FTCA, might govern. Brief for United States in *Smith* 34 (citing *Powers* v. *Schultz*, 821 F. 2d 295, 297–298 (CA5 1987)). Second, the Gonzalez Act would allow an FTCA suit against the United States if the doctor's malpractice ranked as "intentional," *i.e.*, if he performed a procedure to which the plaintiff did not consent. See Brief for United States in *Smith* 32–34; Reply Brief in *Smith* 12 ("[T]he provision of the Gonzalez Act waiving sovereign

immunity as to medical malpractice claims sounding in intentional tort, 10 U. S. C. §1089(e), will enable plaintiffs to pursue those claims against the United States."). Thus, the Government told this Court, "in view of the continued need for the provisions of the Gonzalez Act even after the enactment of the [Liability] Reform Act, leaving that statute on the books was an entirely sensible drafting decision." *Id.*, at 13.

Adopting the Government's construction of the Liability Reform Act, we held in *Smith* that §2679(b)(1) grants all federal employees, including medical personnel, immunity for acts within the scope of their employment, even when an FTCA exception (such as §2680(k)) left the plaintiff without a remedy against the United States. 499 U. S., at 166. Our decision in *Smith* was thus informed by the Government's position that the Gonzalez Act would remain " 'an operative part of the integrated statutory scheme.' " Reply Brief in *Smith* 12 (quoting *United States* v. *Fausto*, 484 U. S. 439, 453 (1988)).

The Government now disavows the reading of §1089(e) it advanced in *Smith*. See Brief for United States 24, n. 8. Under its current reading, the Liability Reform Act does indeed override the Gonzalez Act save in two slim applications: If a military doctor employed by the United States is sued in a foreign court, or is detailed to a non-federal institution, indemnification of the doctor under §1089(f)(1) would remain possible. See *id.*, at 26. Under Levin's reading of §1089(e), the Gonzalez Act does just what the Government said that legislation did in briefing *Smith*: It renders §2680(h) inapplicable to medical batteries committed by military personnel within the scope of their employment, thereby permitting civil actions against the United States by persons situated as Levin is.

## C

Endeavoring to inject ambiguity into §1089(e) notwith-

standing its direction that "section 2680(h) . . . shall not apply," the Government refers to 38 U. S. C. §7316, a parallel statute that confers immunity on medical personnel of the Department of Veterans Affairs (VA). As enacted in 1965, §7316's statutory predecessor had no provision akin to §1089(e). See 79 Stat. 1156, 38 U. S. C. §4116 (1970 ed.). Congress added such a provision in 1988, but it was not a carbon copy of §1089(e). In particular, the new provision did not include the words that preface §1089(e). It reads: "The exception provided in section 2680(h) of title 28 shall not apply to any claim arising out of a negligent or wrongful act or omission of any person described in subsection (a) of this section in furnishing medical care or treatment." 38 U. S. C. §7316(f). This phrasing, which refers to "any person described in [§7316(a)]"—*i.e.*, any "health care employee of the" VA—does indeed express Congress' intent to abrogate §2680(h), the Government acknowledges. But §7316(f) does so, the Government adds, with the unmistakable clarity the Gonzalez Act lacks.

We see nothing dispositively different about the wording of the two provisions.[7] Neither did the Government earlier on. In the District Court, the Government argued that §1089(e) and §7316(f) are functionally indistinguishable. See Record 366 ("§1089(e) has language that is identical to . . . §7316(f)"); *id.*, at 435 ("originally [Levin] talked about the doctor being under the VA; in fact, the doctor is a Navy doctor, but the statute is exactly the same"); *id.*, at 447–448 (Dr. Bishop was "[n]ot an employee of the VA[,] . . . [but] it's an academic argument because the exact same language [appears in] §1089(e)"). We agree with the Government's earlier view, and not with the freshly minted revision.

––––––––

[7] See S. Rep. No. 100–215, p. 171 (1987) (§7316(f) was "patterned after" §1089(e)).

\*    \*    \*

For the reasons stated, we hold that the Gonzalez Act direction in 10 U. S. C. §1089(e) abrogates the FTCA's intentional tort exception and therefore permits Levin's suit against the United States alleging medical battery by a Navy doctor acting within the scope of his employment. Accordingly, we reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*