NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2013[*]
Decided October 28, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2080

| | |
|---|---|
| MATTHEW E. KOCH, <br>     *Plaintiff–Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
|     *v.* | No. 3:13 CV 111 |
| KATHERINE GREGORY, *et al.*, <br>     *Defendants–Appellees*. | James T. Moody, <br> *Judge*. |

**O R D E R**

Matthew Koch is an Indiana prisoner who was committed to a hospital and forcibly medicated in 2009 after an Indiana judge found him incompetent to stand trial. In 2013, Koch brought this suit under 42 U.S.C. § 1983 against various doctors, nurses, and lawyers involved in his confinement and forcible medication, alleging that they violated his right to due process. The district court dismissed the suit as barred by the statute of limitations. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

The issue of Koch's competency arose when he was awaiting trial in Indiana on charges of robbery, kidnapping, battery with a deadly weapon, and criminal confinement. A hearing was held to determine his competency. *See* IND. CODE § 35-36-3-1 (2009); *State v. Davis*, 898 N.E.2d 281, 284–85 (Ind. 2008). The judge overseeing the case found Koch not competent and committed him to the Indiana Department of Mental Health. *See* IND. CODE § 35-36-3-3.

In June 2009 Koch was placed at the Isaac Ray Treatment Center at Logansport State Hospital where, according to his complaint, doctors incorrectly diagnosed him with paranoid schizophrenia and forced him to take medication—at one point restraining him and injecting the medication into his lower back. Koch alleged that he then believed he had no choice but to take the medication orally, even though it impeded his cognitive abilities and caused unpleasant physical side effects, including constipation and an inability to sweat. By August 2009, a hospital psychiatrist determined that Koch had regained competency. The forcible medication ceased, and Koch was returned to jail. He stopped taking the medication a few months later.

In February 2013, more than three years after his departure from Logansport, Koch filed this civil-rights action, asserting that the forcible administration of antipsychotic drugs violated his due-process rights. *See Sell v. United States*, 539 U.S. 166, 178–79 (2003). According to Koch, he has never been mentally ill and was competent to stand trial before being sent to Logansport.

The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it as barred by the statute of limitations, which is two years for constitutional torts in Indiana. The court found that Koch's claim accrued in 2009—when he knew he was injured by the forcible administration of medication—and that he did not file his complaint until more than three years later. Koch argued that his claim did not accrue until May 2011, when he obtained a copy of the commitment order and concluded that the defendants had acted unlawfully. Only at that time, he insisted, did he understand that he was being forcibly medicated by psychiatrists who lacked authorization to do so.

Koch had two years from the time his claim accrued to file his § 1983 action. *See* IND. CODE § 34-11-2-4; *Devbrow v. Kalu*, 750 F.3d 765, 767 (7th Cir. 2013). This statute of limitations is borrowed from the personal injury laws of the state where the injury occurred; accrual rules, however, are governed by federal law, and "we use the rule that applies to the common-law cause of action most similar to the kind of claim the plaintiff asserts." *Devbrow*, 705 F.3d at 767. Koch's claim that he was forcibly medicated most

resembles a claim of medical battery, *see Levin v. United States*, 133 S. Ct. 1224, 1231–32 (2013), so we analyze the accrual of his claim as we would a medical-injury claim, *see Devbrow*, 705 F.3d at 768, which accrues when the plaintiff knows of his injury and its cause, *United States v. Kubrick*, 444 U.S. 111, 118–20 (1979); *Devbrow*, 705 F.3d at 768.

The district court properly concluded that Koch's claim accrued in the summer of 2009 because, according to Koch's complaint, he knew at that time that the defendants were injuring him. Accepting Koch's allegations as true, he has never been mentally ill, and he therefore knew in 2009 that the medication the defendants were forcibly administering was harmful and unnecessary. It is immaterial that he was unaware that the defendants' conduct was illegal. The accrual date is not delayed just because the plaintiff is ignorant of his legal rights. *See Kubrick*, 444 U.S. at 122–24; *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002); *Gonzalez v. United States*, 284 F.3d 281, 288–89 (1st Cir. 2002); *Motley v. United States*, 295 F.3d 820, 822 (8th Cir. 2002). Once a plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury," others—lawyers, for example—"can tell him if he has been wronged, and he need only ask." *Kubrick*, 444 U.S. at 122; *see Massey*, 312 F.3d at 276; *Gonzalez*, 284 F.3d at 289. The district court correctly held that the statute of limitations on Koch's claim ran in August 2011, two years after his forcible medication ended, and long before he filed his lawsuit.

Koch's only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of Koch's complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate. *See Gleash v. Yuswak*, 380 F.3d 758, 760 (7th Cir. 2002).

**AFFIRMED**.