**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3235
_____

RANCOURT LITTLE MOUNTAIN WOODELL,
                                        Appellant

v.

JOHN E. WETZEL, Secretary of the PA.D.O.C.;
TAMMY FURGUSON, SCI-Superintendent;
JOHN DOE #1, Corrections Emergency Response Team;
JOHN DOE #2, Corrections Emergency Response Team;
JANE DOE #3, SCI Phoenix Mailroom Inspector;
JOHN DOE #4, SCI Phoenix Mailroom Inspector;
SMART COMMUNICATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-04430)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 3, 2022
Before:  GREENAWAY, JR., PORTER, and NYGAARD, Circuit Judges

(Opinion filed: December 6, 2022)

_____

OPINION*

_____

PER CURIAM

Rancourt Little Mountain Woodell appeals pro se from the District Court's order dismissing his amended complaint. For the following reasons, we will affirm.

I.

Woodell is a Pennsylvania prisoner currently incarcerated at the State Correctional Facility at Phoenix ("SCI-Phoenix"). In October 2018, he filed a complaint pursuant to 42 U.S.C. § 1983 against Pennsylvania Secretary of Corrections John Wetzel and former SCI-Phoenix Superintendent Tammy Ferguson. In the operative amended complaint, he claimed, inter alia, that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments by losing or destroying his personal property and legal materials during his transfer from SCI-Graterford. He also claimed that the Department of Corrections' ("DOC") new mail policy, DC-ADM 803, violated his First Amendment right to freedom of expression. Specifically, he alleged that under the new policy, both privileged legal mail and non-privileged mail must be sent to a third-party processing center, Smart Communications, which scans the mail, forwards the digital files to the prisons for printing, and destroys the originals.[1] Woodell stated that his family would no

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] According to the defendants, the policy was implemented in 2018 "in response to escalating drug problems in Pennsylvania's state prisons." Stay Mot. 1, ECF No. 14.

2

longer send him correspondence or photographs because the originals would be stored in Smart Communications' database and then destroyed. By way of relief, Woodell sought an injunction and damages.

In January 2019, the defendants moved to stay Woodell's case pending resolution of a challenge to DC-ADM 803 pending in the United States District Court for the Middle District of Pennsylvania. Soon thereafter, the parties in that matter reached an agreement according to which the DOC defendants would no longer process privileged legal mail through Smart Communications. As a result of this change to the policy, Woodell consented to dismissal without prejudice of his claim for injunctive relief. The District Court then dismissed the request for injunctive relief without prejudice to Woodell's raising it again by appropriate motion and denied the defendants' stay motion as moot.

In April 2019, the defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Woodell had failed to state a claim with respect to either the alleged property loss or the DOC's mail policy. The District Court granted the motion, concluding that Woodell had not alleged a plausible infringement of any constitutional right.[2] The District Court further concluded that amendment would be futile and dismissed the amended complaint. Woodell timely appealed.

II.

_____

[2] The District Court also screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed a number of additional claims that Woodell raised in his pleadings and response to the motion to dismiss.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3][4] We exercise plenary review over the District Court's order dismissing a complaint pursuant to Rule 12(b)(6). See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

III.

We will affirm. In his brief, Woodell primarily challenges the District Court's determination that he failed to state a First Amendment claim with respect to his contention that his family will no longer send him correspondence, photographs, or religious documents because all mail must go to Smart Communications first, and because the originals will be destroyed. Even assuming, however, that Woodell stated a plausible claim for a First Amendment violation, the defendants were entitled to qualified immunity from his request for damages.

---

[3] The District Court dismissed without prejudice Woodell's official capacity claims against Ferguson and Wetzel because they were protected by Eleventh Amendment immunity. The District Court deemed the dismissal as one as without prejudice because it was a dismissal for lack of subject-matter jurisdiction and such a dismissal should be without prejudice. Mem. Op. 27, ECF No. 27 (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996)). However, the Supreme Court has never decided that Eleventh Amendment immunity is a matter of subject-matter jurisdiction nor suggested that the immunity-from-liability defense could be jurisdictional. In re Venoco LLC, 998 F.3d 94, 109 (3d Cir. 2021). In any event, in the context of the District Court's ruling, the without-prejudice designation does not suggest that the dismissal is not final. Cf. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) (explaining that a dismissal without prejudice is not a "final" order if "the deficiency may be corrected by the plaintiff without affecting the cause of action").

[4] On appeal, Woodell challenges the District Court's adjudication of his First, Fourth, Eighth, and Fourteenth Amendment claims relating to the loss or destruction of his personal property and legal materials; his First Amendment claim relating to DC-ADM 803; his First Amendment claim asserting that he was denied access to the courts; and his claim relating to the "Native American Religious Freedom Act." We therefore deem forfeited any challenge to the District Court's other rulings. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 (3d Cir. 2020).

State officials have qualified immunity from claims for monetary relief if their conduct "does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citation and quotation marks omitted); see also Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (citation and quotation marks omitted)). Although it is well established that "state prisoners, by virtue of their incarceration, do not forfeit their First Amendment right to use of the mails," Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) (citation and quotation marks omitted), Woodell has not cited, and we cannot locate, any precedent that clearly establishes that it violates the First Amendment for the DOC to use vendors, such as SMART Communications, to scan non-privileged mail, send the digital files to the prisons, and destroy the originals. Therefore, the defendants were entitled to qualified immunity from Woodell's First Amendment challenge to the mail policy.[5]

---

[5] As previously noted, Woodell initially requested an injunction to stop the defendants from processing incoming privileged legal mail through Smart Communications. He later agreed to effectively withdraw his request, however, because the DOC had changed its policy and no longer required incoming legal mail to be sent to Smart Communications. Accordingly, as noted above, the District Court entered an order dismissing Woodell's claim for injunctive relief. The District Court dismissed the claim without prejudice and advised him that if he "has concerns with the implementation of the new mail policy, . . . he may file an appropriate motion with the court relating to any claim for injunctive relief that he might have." Order 2 n.3, ECF No. 18. Because Woodell did not subsequently seek or obtain leave to raise a new claim for an injunction, only his claim for damages stemming from the violation of his First Amendment rights remained. See generally Fed. R. Civ. P. 15. Insofar as Woodell challenges the District Court's denial of his motion to oppose the Middle District settlement agreement, the District Court correctly noted that he cannot challenge the terms of that agreement in this

Woodell also challenges the District Court's determination that he failed to state a claim with respect to the defendants' alleged interference with his personal property and legal materials during the transfer from SCI-Graterford. We see no error in the District Court's disposition of these claims. First, to the extent that Woodell alleged that the deprivation or destruction of his personal property amounted to cruel and unusual punishment under the Eighth Amendment, the District Court correctly concluded that the loss of property is not sufficiently serious to give rise to an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To the extent that Woodell alleged that the deprivation of his legal materials resulted in the denial of his First Amendment right to access the courts, this claim failed because, for the reasons stated by the District Court, he did not identify a lost, meritorious legal opportunity in either his state post-conviction or federal habeas proceedings. See Lewis v. Casey, 518 U.S. 343, 352–53 (1996). Furthermore, to the extent that he asserted a claim that the loss or destruction of his personal property violated the Fourth Amendment, it is well established that "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Hudson v. Palmer, 568 U.S. 517, 529–30 (1984).

---

lawsuit. Cf. Caplan v. Felheimer Eichen Braverman & Kaskey, 68 F.3d 828, 836 (3d Cir. 1995) ("Generally, it is true that those who were not parties before the district court may not appeal an order of the district court."); Binker v. Commonwealth of Pa., 977 F.2d 738, 745 (3d Cir. 1992) (recognizing an exception to the general rule that a nonparty lacks standing to appeal a district court's approval of a settlement agreement where, among other things, the nonparty participated in some way in the district court proceedings). Woodell does not appear to challenge the disposition of his other motions and filings concerning the settlement agreement. Therefore, he has forfeited any such challenge. See M.S. ex rel. Hall, 969 F.3d at 124.

## IV.

We have considered Woodell's remaining arguments on appeal and conclude that they are meritless.[6][7]  Accordingly, we will affirm the District Court's judgment.

---

[6] Woodell argues in his brief that the defendants violated the "Native American Religious Freedom Act" when they destroyed personal property with religious significance. Although he raised this claim in his initial complaint, the District Court dismissed it without prejudice, and Woodell did not include it in his amended complaint.  Therefore, we cannot consider it on appeal.  See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) ("The amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." (alterations and quotation marks omitted)).

[7] Woodell's motion to expand the record is denied.  See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013).  ("[A] court of appeals may allow a party to supplement the record on appeal in exceptional circumstances.").