[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11428

Non-Argument Calendar

_____

MICHAEL J. DAUGHERTY,

Plaintiff-Appellant,

*versus*

FEDERAL TRADE COMMISSION,

Defendant,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

2                     Opinion of the Court                23-11428

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03526-MLB

_____

_____

No. 23-11431

Non-Argument Calendar

_____

LABMD, INC.,

                                        Plaintiff-Appellant,

*versus*

FEDERAL TRADE COMMISSION,

                                        Defendant,

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03525-MLB

_____

Before WILSON, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Daugherty and his company, LabMD, are suing the United States for allegedly forcing the closure of the business with a fraudulent civil enforcement. The district court dismissed for lack of subject-matter jurisdiction. Because Daugherty's and LabMD's suits are based on alleged acts of misrepresentation and deceit by the government, the Federal Tort Claims Act preserves the United States's sovereign immunity. As a result, the district court correctly held that it lacked jurisdiction. So we affirm.

**I.**

Daugherty was the sole owner and chief executive officer of LabMD, a former cancer detection laboratory. Daugherty and LabMD say that, sometime before 2007, a U.S. Attorney hired a company called Tiversa to help the FBI investigate child pornography. As part of this partnership, law enforcement gave Tiversa access to a powerful program that allowed it to search peer-to-peer networks. But Tiversa abused it. Apparently, Tiversa used the program to steal private information from companies, make it seem like the information had been published in a breach, and then

persuade those companies to hire Tiversa to bolster their cybersecurity. In short, extortion.

One of Tiversa's victims was LabMD. In 2008, Tiversa stole a file containing confidential patient information. Then Tiversa told LabMD that the information had been published online. LabMD did not take the bait. So Tiversa gave the information to the Federal Trade Commission, saying LabMD suffered a data breach. The FTC began inquiring. After LabMD continued to insist no such breach occurred, the FTC contemplated a civil enforcement action. As part of the action, an FTC attorney apparently told Tiversa that they needed proof that this data spread online. So Tiversa manufactured it, based on instructions that an FTC attorney allegedly provided. The FTC then publicly pursued the enforcement action against LabMD. It failed. But enduring the enforcement action took a financial toll, and LabMD had to cease doing business.

Later, Dougherty and LabMD filed administrative complaints with the FTC. When that failed, they sued the FTC attorney and the U.S. Attorney, to no avail. Then they sued the United States under the FTCA, alleging negligence and negligence per se. Daugherty and LabMD have since conceded that some of their claims fail. But they still contend that part of their negligence per se claim, rooted in theories they argue are analogous to trespass and conversion, survives. The district court dismissed their complaints for lack of subject-matter jurisdiction. These timely appeals followed, which we consolidated.

## II.

We have an ongoing obligation to satisfy our jurisdiction and may raise any jurisdictional issue *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007). We review jurisdictional issues *de novo*. *Id.*

## III.

As a sovereign, the United States enjoys immunity from suit. *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) (citing *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011)). But a sovereign can consent to shed its immunity. *Id.* Without such a waiver of immunity, though, we have no subject-matter jurisdiction to hear a case against the United States. *Id.* (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475–76 (1994)).

Through the Federal Tort Claims Act, the United States generally waived its immunity from suits in tort. *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (citing *Levin v. United States*, 568 U.S. 503, 506 (2013)). But it kept its immunity against, among others, suits arising out of certain intentional torts, including misrepresentation and deceit. *See id.* Therefore, if a plaintiff's injury is based on misrepresentation or deceit, the government is immune. *See Zelaya*, 781 F.3d at 1334. But if a plaintiff alleges an injury he suffered independent of the misrepresentation or deceit, the government is not immune. *See Block v. Neal*, 460 U.S. 289, 296–97 (1983).

For misrepresentation, we ask "whether the essence of the claim involves the government's failure to use due care in

obtaining and communicating information." *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (11th Cir. 2000) (citations omitted). The test for deceit, meanwhile, is whether the essence of the claim involves intentionally false representations on the part of the government. *See United States v. Neustadt*, 366 U.S. 696, 707 (1961).

Daugherty and LabMD's injuries are based on misrepresentation and deceit. Daugherty and LabMD say that enduring the FTC's enforcement action shuttered the business. Those injuries are a direct result of the FTC publicly claiming LabMD suffered a breach and pursuing an enforcement action based on allegedly fraudulent evidence, without disclosing that the evidence was fraudulent.

Daugherty and LabMD fail to allege any injury independent of misrepresentation and deceit. They point to no allegations in their complaint that they suffered an injury caused by the trespass and conversion of their data. They do note that the trespass and conversion of their data happened before the FTC's misrepresentations. And thus, they argue, their claims for trespass and conversion are independent of the later misrepresentations by the FTC. However, we do not accept such "theoretical" distinctions when, based on the allegations, the actual underlying injuries were caused by the government's misrepresentations. *See Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir. 1986); *see Zelaya*, 781 F.3d at 1336–38.

As the district court pointed out, in the absence of the later misrepresentation and deceit, Daugherty and LabMD would have suffered no injury, at least based on their alleged facts. Nobody would have heard about any breach, and their business likely would have continued as usual. Based on the complaint, the alleged trespass and conversion caused no injury independent of the alleged misrepresentation and deceit. LabMD did not lose access to its patient files nor were those files damaged. Daugherty and LabMD's alleged injury—the closure of the business—is directly attributable to the government's misrepresentations and deceit, not the trespass and conversion.

Because the essence of this appeal arises out of misrepresentation and deceit by the government, the FTCA preserves the sovereign immunity of the United States against the suit. As a result, the district court was correct that it has no subject-matter jurisdiction here.

## IV.

For the above reasons, we **AFFIRM**.