[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11970

Non-Argument Calendar

_____

MARCELL HILL,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01854-WFJ-MRM

_____

Before JORDAN, LAGOA AND DUBINA, Circuit Judges.

PER CURIAM:

Marcell Hill, proceeding *pro se*, appeals the district court's order dismissing with prejudice her second amended complaint that asserted twelve various claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Hill asserted claims of gross negligence and negligence arising from an incident involving Marine officers that allegedly occurred many years prior to her memory of the events. Hill claimed that a Marine Major ordered his subordinates, as part of a hazing/initiation, to drug and sexually assault Hill and her companion. Hill also claimed that the Major breached his duty, under the Marine Officer Oath and Code of Conduct, by ordering his subordinates to perform these illegal acts and to cover-up the incident. The district court dismissed the complaint on the grounds that it was a shotgun pleading, was barred by sovereign immunity, and was untimely. On appeal, Hill argues that her claims under Counts I and II were not barred by sovereign immunity because they related to negligence, not intentional torts. She also contends that her claims were timely and that that her complaint was not a shotgun pleading. After reviewing the record and reading the parties' briefs, we affirm in part, vacate and remand in part, with instructions that the district court dismiss Counts I and II without prejudice.

**I.**

23-11970                Opinion of the Court                3

We review *de novo* a district court's determination of sovereign immunity, *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1313 (11th Cir. 2011), and a district court's subject matter jurisdiction. *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013). Jurisdiction is a "threshold issue." *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020). "Sovereign immunity is inherently jurisdictional in nature." *Dupree v. Owens*, 92 F.4th 999, 1005 (11th Cir. 2024). Thus, where a district court's dismissal is "based on sovereign immunity grounds, the jurisdictional nature of the dismissal requires it to be entered without prejudice." *Id.* at 1008 (vacating and remanding "for the limited purpose of allowing the district court to dismiss the case without prejudice"). The federal government is entitled to sovereign immunity from civil lawsuits, except to the extent that it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980).

## II.

The FTCA provides a limited waiver of sovereign immunity for tort claims. *Motta ex rel. A.M.*, 717 F.3d at 843. It confers on federal district courts exclusive jurisdiction to hear claims against the United States for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). This limited waiver of sovereign immunity is strictly construed in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092 (1996).

The FTCA makes the United States liable to the same extent as a private individual under similar circumstances under the law of the place where the tort occurred, subject to enumerated exceptions to the immunity waiver. *Levin v. United States*, 568 U.S. 503, 506-07, 133 S. Ct. 1224, 1228 (2013). The relevant exception in this case is 28 U.S.C. § 2680(h), which preserves the government's immunity from suit on "[a]ny claim arising out of *assault*, *battery*, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). We have referred to § 2680(h) as the "intentional tort exception." *Levin*, 568 U.S. at 507, 133 S. Ct. at 1228. The intentional tort exception contains a proviso that waives sovereign immunity when such torts are committed by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h).

Further, we have noted that "the phrase 'arising out of' should be broadly construed." *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986) (citing *Kosak v. United States*, 465 U.S. 848, 104 S. Ct. 1519 (1984)). Under this broad construction, a claim arises out of "a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort." *Zelaya v. United States*, 781 F.3d 1315, 1333 (11th Cir. 2015). This is true "even if the plaintiff has denominated, as the basis for the cause of action, a tort not found within § 2680(h)'s list of excepted torts." *Id.* "Accordingly, it is the substance of the claim and not the language used in stating it which controls." *Id.* at 1334 (quotation marks omitted).

### III.

*Pro se* pleadings will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Furthermore, "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Id.* We may affirm on any ground supported by the record. *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1294 (11th Cir. 2016).

As an initial matter, Hill only challenges the district court's dismissal of her claims raised in Counts I and II of her second amended complaint. Thus, she has abandoned any challenge to the dismissal of the remaining counts. Moreover, we decline to address any arguments Hill raises for the first time in her reply brief regarding the federal law enforcement proviso of § 2680(h). *See Timson*, 518 F.3d at 874.

In a similar case to the present one, the Supreme Court addressed "whether the survivor of a serviceman, who was murdered by another serviceman, may recover from the Government under the [FTCA] for negligently failing to prevent the murder." *United States v. Shearer*, 473 U.S. 52, 53, 105 S. Ct. 3039, 3040 (1985). The Supreme Court determined that the plaintiff's claim arose out of the battery committed by another service member such that the claim was barred by sovereign immunity. *Id.* at 55, 105 S. Ct. at 3041. The Supreme Court reasoned that the plaintiff could not "avoid the reach of § 2680(h) by framing her complaint in terms of

negligent failure to prevent the assault and battery. *Id.* The Supreme Court stated that § 2680(h) "in sweeping language . . . excludes any claim *arising out of* assault or battery. *Id.* Hill's claim is similar and arises out of an alleged assault or battery.

The record demonstrates that the district court appropriately determined that Counts I and II were barred by sovereign immunity. Although Hill argues that the Marine Major was negligent in issuing illegal orders, and the Marine subordinates were negligent by complying with those orders, her claims nevertheless arise out of intentional torts, as she asserts that the orders were to commit assault and battery. Hill cannot change the essence of these allegations by using language that sounds in negligence. *See Zelaya*, 781 F.3d at 1334 ("it is the substance of the claim and not the language used in stating it which controls").

In any event, even if Hill's negligence claims did not arise out of intentional torts, they would still be barred, as her negligence claims are based on a breach of duty arising from a military oath and code of conduct and are not independently tortious under applicable state law. *See Smith v. United States*, 14 F.4th 1228, 1233 (11th Cir. 2021) (finding that an alleged duty created under the Postal Operations Manual would arise only under federal law and noting that a federal employee's conduct must be independently tortious under applicable state law to be liable under the FTCA); see also *Dalrymple v. United States*, 460 F.3d 1318, 1327 (11th Cir. 2006).

Accordingly, based on the aforementioned reasons, we affirm the district court's determination that Counts I and II were barred by sovereign immunity without reaching other issues raised on appeal. However, we vacate and remand for the limited purpose of allowing the district court to dismiss the claims without prejudice.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**